[No. 1354. August 26, 1911.]

IN THE MATTER OF THE LAST WILL AND TES-TAMENT OF SARAH ELLEN DYE, DECEAS-ED, ISAIAH A. DYE, Executor, Appellee, v. ORA BUTLER MEECE, Appellant.

## SYLLABUS (BY THE COURT).

1. Under Sections 1983, 1985, 1986, 1987, C. L. 1897, it is the duty of the District Court, on appeal from a judgment of the Probate Court dismissing a petition to revoke the probate of a will, to appoint a guardian ad litem for an infant petitioner whose infancy is first disclosed at the trial, and a motion to dismiss the proceedings should not be sustained, notwithstanding the infant refused to apply for such appointment.

Appeal from the District Court for Bernalillo County, before IRA A. ABBOTT, Associate Justice. Reversed.

NEILL B. FIELD, MACO & MINOR STEWART for Appellant.

The appeal was seasonably taken. Brockett v. Brockett, 2 Howard 241; Pearce v. Strickler, 9 N. M. 46; Slaughter House Cases, 10 Wall. 289; Texas & Pacific R. R. Co. v. Murphy, 111 U. S. 488; Aspen Mining Co. v. Billings, 150 U. S. 31; Voorhees v. Manufacturing Co., 151 U. S. 135; Southern Pacific R. R. Co. v. Holmes,

155 U. S. 137; Kingman v. Western Manufacturing Co., 170 U. S. 675.

The law never requires, and courts ought never to demand, the conduct of futile proceedings.   Lockman v. Lang, 132 Fed. 1.

The court had jurisdiction.   Hurst v. Hollingworth, 94 U. S. 111; Plymouth Co. v. Amador Co., 118 U. S. 264; Files v. Brown, 124 Fed. 132; Hooven v. Featherstone's Sons, 111 Fed. 81; McFadden v. Mountain View, 97 Fed. 670; Michels v. Olmsted, 157 U. S. 198; Newell v. Meyendorf, 23 Pac. 335; Davis v. Wakelee, 156 U. S. 691; Bigelow on Estoppel 601.

The guardianship over men and women shall cease with their marriage.   C. L. 1897, sec. 1459; Laws of 1901, sec. 5; Hall's Mexican Law, sec. 2013; Montoya v. Miller, 7 N. M. 289; U. S. v. Bainbridge, 24 Fed. Cases 946.

The only courts in New Mexico which under the statutes are invested with authority to invalidate a will are the district courts.   C. L. 1897, secs. 900, 1981, 1983, 1986, 1987, 1988; Cohens v. Virginia, 6 Wheat. 407; Nations v. Johnson, 24 How. 205; Park v. Higbee, 24 Pac. 524; Damouth v. Klock, 29 Mich. 289; 22 Cyc. 562; Johns v. Smith, 56 Miss. 727; Seaton v. Tohill, 53 Pac. 170; Lloyd v. Kirdwood, 112 Ill. 338; Ralston v. Lahee, 8 Iowa 17; Claxton v. Claxton, 56 Mich. 557; Drago v. Moso, 40 Am. Dec. 592; Hoskins v. White, 32 Pac. 163; Schermerhorn v. Jenkins, 7 Johns 373; Young v. Young, 3 N. H. 345; Blood v. Harrington, 8 Pickering 552.

Writ of error coram vobis.   Billups v. Freeman, 52 Pac. 367; Kemp v. Cook, 18 Maryland 130; Park v. Higbee, 24 Pac. 524; Teller v. Wetherell, 6 Mich. 45; Pickett v. Legerwood, 7 Pet. 144.

MARRON & WOOD for Appellee.

The proceeding to revoke probate of will is a new, separate and distinct action from that of resisting the probate of a will.   C. L. 1897, secs. 929, 1985; In re

Gourand, 95 N. Y. 256; Hoyt v. Hoyt, 112 N. Y. 511; Bouvier's Law Dictionary, "to sue"; 15 P. & P. 467.

Marriage did not relieve minor from necessity of having a guardian ad litem. Laws 1901, sec. 5; C. L. 1897, secs. 1459, 1461, 1981, 2685, sub-secs. 8 and 9; Montoya v. Miller, 7 N. M. 289.

The failure to appoint guardian ad litem was ground for dismissal without plea. C. & C. Bridge Co. v. Brennan, 16 Ky. L. 126; Haines v. Oatman, 2 Doug., Mich. 430; Keran v. Clouser, 5 Blackf. 604; Lumpkins v. Justice, 1 Ind. 557; Wolford v. Oakley, 43 How. Pr. N. Y. 118; Fitch v. Fitch, 18 Wend. 513; Sutton v. Nichols, 20 Kas. 43; Blood v. Harrington, 8 Pick. 552; C. L. 1897, sec. 929.

Where a course suggested by one side is adopted by the other, it will not be permitted thereafter to claim the course suggested to be error. Sparkling v. Mack, 86 Ill. 125.

### OPINION BY THE COURT.

PARKER, J.—A proceeding was instituted by appellant in the Probate Court of Bernalillo County to revoke the probate of the will of her mother, under Sections 1985, 1986, 1987 of the Compiled Laws of 1897, which are as follows: Section 1985. "When a will has been approved, any person interested may at any time within one year after such probate, contest the same or the validity of the will. For that purpose he shall file in the court in which the will was proved, a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked."

Sec. 1986. "Upon the filing of a petition a citation shall be issued to the executor, and to all devisees and legatees named in the will residing in the Territory, or to their guardians if any of them are minors, or their personal representatives if any of them are dead, requiring them to appear before the court on the first day of the earliest term for which it is possible to give the required notice, to show some cause why the probate of the will

should not be revoked. Such citations shall be served in the same manner and for the same time previous to the hearing as hereinbefore provided as to the notice of the probate of the will, except that no publication shall be required."

Sec. 1987. "At any time appointed for showing cause the probate judge shall proceed to hear the proofs of the parties in like manner as upon the probate of the will. If any devisees or legatees named in the will shall be minors and have no guardians, or shall be of unsound mind, the court shall appoint some attorney to represent them. If upon such hearing the validity of the will shall be sustained, the contest shall be dismissed at the cost of the petitioner. If the probate judge shall be of the opinion that the probate of the will should be revoked he shall certify his opinion, with all the papers and proofs, to the district court, and the same proceedings shall thereupon be had as provided in section one thousand nine hundred and eighty-three."

Section 1983, referred to in section 1987, provides for a trial de novo in the district court.

The probate court tried the case, decided in favor of the validity of the will and dismissed the petition of appellant, who, thereupon, appealed to the district court. In the midst of the trial in that court it was disclosed that appellant was under twenty-one years of age. Thereupon appellee moved to dismiss the proceedings on the ground of the incapacity of appellant to sue in her own name. Appellant resisted the motion, but declined to apply for the appointment of a guardian ad litem and stood upon her objection to the motion for dismissal. The court sustained the motion and dismissed the cause.

No point is made in the briefs that a court may not at any time during the process of the trial, upon the disclosure of the disability of infancy of one or more of the parties, cause the pleadings to be amended so that the same may be properly prosecuted or defended by a next friend or guardian ad litem. Such seems to be the settled law. The defect is one of regularity and not of jurisdiction. 22 Cyc. 641, 646; 27 Cent. Dig., Infants, sec. 209.

In Re Dye v. Meece, 16 N. M. 297.

The appellant, being an infant, was not authorized to appear by attorney and could not be bound by any act of his. A guardian ad litem must have been brought in before the proceeding could regularly go forward. Was it the court's duty, with or without the request of appellant, to appoint a guardian ad litem? We think it was. It may be stated generally that it is the court's duty to see that the rights of infants are looked after and protected in all proceedings before it, even in the absence of statute commanding the same. The guardian ad litem is merely the means by which the court accomplishes this result. 10 Ency. P. & Pr. 590. Nor is the consent of the infant necessary to the appointment. Biddinger et al. v. Smith et al., 13 S. W. 734; Brick's Estate, 15th Abb. Prac. (N. Y.) 12; Banta v. Calhoun, 2 A. K. Marsh. (Ky.) 166; Walker v. Hull, 35 Mich. 488; 22 Cyc. 656.

But in this jurisdiction, as has been seen, there is positive statutory requirement of the appointment of a guardian ad litem. Sec. 1987, C. L. 1897. It therefore became the imperative duty of the court, sitting on appeal from the probate court and proceeding in a trial de novo, to appoint a guardian ad litem for appellant if she was under legal disability. It is to be said that it is easily understood how the court might well fall into error upon such a proposition as was presented in this case. Ordinarily, courts grant only such relief as is properly and regularly requested. A litigant who is sui juris must take the consequences of his own acts or failure to act. But in the case of infants a different rule applies and, under our statute, if not, indeed, without a statute, it is the duty of the court to appoint a guardian ad litem to protect the infant's rights.

It follows that the district court was in error in dismissing the petition of appellant instead of appointing a guardian ad litem and for that reason the judgment of the court below will be reversed with instructions to reinstate the cause upon the docket and to proceed in accordance with this opinion, and it is so ordered.